UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANDALL M. SCHAFFER                        CIVIL ACTION

VERSUS                                     NO: 13-6607

C. BARRY OGDEN, ET AL.                     SECTION: "A" (4)

### ORDER AND REASONS

Before the Court is a **Motion for Reconsideration on Behalf of Defendant C. Barry Ogden (Rec. Doc. 32)**. Plaintiff Randall Schaffer has not filed any opposition to this motion. The motion, scheduled for submission on December 31, 2014, is before the Court on the briefs without oral argument.

**I.     Background**[1]

In the Court's previous order addressing several defendants' motions to dismiss, the Court denied that part of defendant Ogden's motion (Rec. Doc. 29) seeking dismissal of the state law claim for defamation. Ogden, at the time of the alleged defamation, served as Executive Director of the Louisiana State Board of Dentistry. Plaintiff alleged that the Board had employed the party which he claims defamed him. Construing the pro se plaintiff's pleadings liberally, as the Court must, it found that a claim for defamation via vicarious liability had been stated against Ogden.

Defendant requests that the Court reconsider this finding on the basis that Plaintiff has failed to link Ogden individually to the defamation or to show that Ogden is the proper party for such a claim of vicarious liability.

---

[1] The Court's Order of November 10, 2014 recounts the events giving rise to this action, as well as it subsequent procedural history. The Court highlights now only those facts or matters of procedural history which pertain to this specific motion.

1

## II. Standard of Review

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir.2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir.1998); *see also* Fed. R. Civ. P. 59(e). Motions filed under Rule 59(e) question the correctness of a judgment. *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir.2002). A Rule 59(e) motion may be granted on four grounds: (1) the motion is necessary to correct a manifest error of law or fact upon which judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *Lines v. Fair Ins. Co.,* No. 08-1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002). A district court has considerable discretion in granting or denying a Rule 59(e) motion. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990). Granting a Rule 59(e) motion is an extraordinary remedy and "should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." *Gabarick v. Laurin Mar. (America) Inc.*, No. 08-4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010).

## III. Discussion

The Court has re-examined the Amended Complaint. It agrees with defendant Ogden that Plaintiff has failed to present any facts or other allegations which suggest that Ogden

may be vicariously liable for the alleged act of defamation merely by virtue of his title of Executive Director of the Board. Thus, such a claim against Ogden has not been stated.

As this finding also affects the initial prayer for costs, the Court now turns to that issue. This lawsuit was not filed in bad faith; it did not present a legally frivolous argument; and, it included some close and difficult legal questions, as evidenced by this Court's current reconsideration. The request is denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Reconsideration on Behalf of Defendant C. Barry Ogden (Rec. Doc. 32)** is **GRANTED**. The state law defamation claim against C. Barry Ogden via vicarious liability is **DISMISSED WITH PREJUDICE**. Thus, the previous Order in this case (Rec. Doc. 30) is now vacated to the extent that the Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. 29) filed by defendants H.O. Blackwood, Dennis Donald, Conrad McVea, and C. Barry Ogden is now **GRANTED** as to the dismissal of all claims against these defendants **WITH PREJUDICE**. The request for costs is **DENIED**.

January 22, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE